IN THE SUPREME COURT OF THE STATE OF DELAWARE

SAMUEL PAINTER,[1]        §
       § No. 124, 2023
       Petitioner Below,        §
       Appellant,        § Court Below–Family Court
       § of the State of Delaware
       v.        §
       § File No. CN14-02909
LOUISE PAINTER,        § Petition No. 22-27451
       §
       Respondent Below,        §
       Appellee.        §

Submitted:   December 8, 2023
Decided:     February 15, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, we conclude that the Family Court's March 17, 2023 order dismissing the appellant's petition for a protection from abuse ("PFA") order should be affirmed. "Factual findings will not be disturbed on appeal unless they are clearly erroneous," and "[w]hen the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trier of fact, we will not substitute our opinion for that of the trier of fact."[2] During the PFA hearing, the appellant and the appellee testified to conflicting versions of the events

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).
[2] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019) (citations omitted).

that the appellant cited in his PFA petition.  The Family Court credited the appellee's testimony over that of the appellant.  We will not disturb the trier of fact's credibility determinations on appeal.  To the extent that the appellant argues that the Family Court judge should be recused from further proceedings involving the parties, the appellant must present a motion for recusal to the Family Court in the first instance.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[3] Del. Supr. Ct. R. 8.  *See Los v. Los*, 595 A.2d 381, 384 (Del. 1991) ("To be disqualified the alleged bias or prejudice of the judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." (internal quotation marks and citation omitted)).